UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Criminal Action No.
                                                    10-CR-20721

vs.

                                                    HON. MARK A. GOLDSMITH

TIMOTHY DEQUAN RICE,

       Defendant.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT A 15-DAY EXTENSION OF TIME IN WHICH TO FILE HIS NOTICE OF APPEAL**

       The United States Court of Appeals for the Sixth Circuit has remanded this matter for a determination whether Defendant "satisfied the standard contained in Rule 4(b)(4) for an extension of the time to appeal based on excusable neglect." Sixth Circuit Order of February 14, 2013 at 3 (Dkt. 92). As part of that determination, this Court is to determine whether Defendant "committed excusable neglect when he mailed his notice of appeal without proper postage." Id. On April 11, 2013, the Court conducted an evidentiary hearing during which Defendant, who is presently in prison, testified by telephone with the consent of both parties. For the reasons that follow, the Court grants Defendant a 15-day extension of time in which to file his notice of appeal.

       Judgment was entered in this case on July 5, 2011. Under Federal Rule of Appellate Procedure 4(b)(1)(A), Defendant had 14 days, or until July 19, 2011, in which to file his notice of appeal. The notice was not filed until August 3, 2011, 15 days after the deadline. There is no dispute that the notice of appeal was untimely. However, under Federal Rule of Appellate

Procedure 4(b)(4), the Court can grant Defendant an extension of time – up to 30 days – in which to file his notice of appeal on a showing of "excusable neglect or good cause":

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Defendant's notice of appeal was filed within the time period in which the Court could grant an extension of time under Rule 4(b)(4). Thus, the issue is whether Defendant has demonstrated either "excusable neglect or good cause" justifying an extension.

During the evidentiary hearing held in this matter, Defendant testified that he mailed the envelope containing his notice of appeal on July 13, 2011 from Milan Detention Center, located in Milan, Michigan, where he was then incarcerated. The envelope that Defendant used was a "large envelope," as defined by the United States Postal Service, thus requiring greater postage than necessary to mail a standard "letter."[1] Defendant testified that he placed two 44-cent stamps on the envelope, which contained a total of three pieces of paper, and gave it to his counselor at the prison for mailing. Defendant testified that he did not have any way to weigh the envelope to determine proper postage, and that he "didn't know how many stamps went on there," prompting him to "just put two [stamps] just to be sure because the envelope wasn't that heavy." The outside of the envelope contains the handwritten notation "mailed 7-13-11," which supports Defendant's testimony that the envelope was initially mailed on that date.

---

[1] See generally http://postcalc.usps.com (United States Postal Service website providing postage and rate information)

As it turns out, Defendant did not affix sufficient postage to the envelope, and it was returned to him "maybe a couple days" after it was initially mailed on July 13.[2] Defendant then affixed additional postage to the envelope and re-mailed it. The notice of appeal was filed on the Court's docket on August 3, 2011.

The Supreme Court has defined "neglect," for the purposes of the definition of the term "excusable neglect," as "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993). See also United States v. Thompson, 82 F.3d 700, 702 (6th Cir. 1996) (The Pioneer Court's definition of "neglect" "encompasses both simple, faultless omissions to act and omissions caused by carelessness."). As for the determination whether "neglect" is "excusable," the Supreme Court has stated that the inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice . . .[,] the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395. The Seventh Circuit has stated that "the lack of prejudice to the [non-movant] . . . combined with the good faith of [the moving party] weigh strongly in favor of [an excusable neglect finding]." United States v. Brown, 133 F.3d 993, 996 (7th Cir. 1998).

In Brown, for example, the Seventh Circuit affirmed the district court's conclusion that the defendant demonstrated "excusable neglect" for filing his notice of appeal one day late where the defendant's attorney submitted an affidavit saying that he mistakenly believed that weekends and holidays tolled the appeal period, which was the case in state court where he primarily

---

[2] Defendant did not know exactly how many days elapsed between the time he initially mailed the letter and the time it was returned to him for insufficient postage.

practiced but not in federal court. The Seventh Circuit noted that the one-day delay caused no prejudice to the Government and that barring the appeal "would be a harsh sanction for relatively minor . . . mistake." See also United States v. Smith, 60 F.3d 595, 596 (9th Cir. 1995) (affirming district court's conclusion that late filing of notice of appeal was due to excusable neglect where the defendant and his attorney had attempted to contact each other regarding the filing of a notice of appeal, but ran into problems connecting with each other because the defendant "was moved to prisons in different states three times during the period immediately following entry of the judgment").

The Court concludes that Defendant's failure to affix sufficient postage to the envelope containing his notice of appeal constitutes excusable neglect justifying a 15-day extension of the filing deadline. The evidence clearly reflects that Defendant: (i) initially mailed the envelope well within the allowable 14-day appeal period, (ii) thought he was affixing sufficient postage to the envelope, but was unaware that a larger envelope automatically requires more postage due to its size, regardless of its weight, and (iii) promptly affixed additional postage when the envelope was returned, and then re-mailed it. The facts here squarely fit within the definition of "neglect," which has been defined as a "mistake" or "intervening circumstances beyond the party's control." And the mistake was certainly "excusable" here given that Defendant did not have any way, due to his confinement, to ascertain the weight of the envelope or the appropriate postage rate for large envelopes.

In short, the evidence before the Court reflects that Defendant acted in good faith in attempting to file a timely notice of appeal, and the Government has not shown that a 15-day extension of the time would result in any prejudice to it. For all these reasons, the Court grants Defendant a 15-day extension of time in which to file his notice of appeal.

SO ORDERED.


Dated:  April 25, 2013        s/Mark A. Goldsmith
   Flint, Michigan        MARK A. GOLDSMITH
               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2013.

               s/Deborah J. Goltz
               DEBORAH J. GOLTZ
               Case Manager